THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ. CLARA SCHERER, Pʟᴀɪɴᴛɪғғ, *v.* ANDREW WALSH, Pᴏʟɪᴄᴇ Jᴜsᴛɪᴄᴇ, Dᴇғᴇɴᴅᴀɴᴛ.

*Abandonment of a wife by her husband — the decision of a police justice may be reviewed upon a* certiorari *— the justice does not act as a Court of Special Sessions — the wife may show that she left her husband through fear of personal violence.*

A decision of a police justice dismissing a complaint made by a wife against her husband for abandonment, under section 899 of the Code of Criminal Procedure, is reviewable at the General Term upon a writ of *certiorari*.

Section 515 of the Code of Criminal Procedure, abolishing writs of *certiorari* in criminal actions, does not apply to special proceedings of a criminal nature as defined in part 6 of the Criminal Code.

A police justice, when exercising the special jurisdiction conferred upon him by section 899 of the Code of Criminal Procedure, acts as an officer and not as a Court of Special Sessions; and his decision cannot be reviewed under section 749 thereof providing for appeals from judgments rendered by such a court.

In a proceeding instituted by a wife against the husband for abandonment it is competent for her to show that she was compelled to leave her husband because she was in imminent danger of suffering personal violence at his hands, and because it was unsafe for her to remain in the house with him.

Cᴇʀᴛɪᴏʀᴀʀɪ to review the decision of the respondent, as one of the police justices of the city of Brooklyn, in proceedings instituted by the relator against her husband for his abandonment of and refusal to support her.

Upon the hearing the relator sought to show that shortly before she left her husband he had assaulted her, threatened to kill her with a pistol which he had in his hands, and that she left him because she was in fear of her life at his hands. The justice refused to receive the evidence.

*J. D. Bell,* for the relator.

*Jesse Johnson,* for the defendant.

PRATT, J.:

This is a proceeding by *certiorari* to review in this court the decision and rulings of a police justice. The decision and rulings brought to be reviewed were given upon a trial before the justice, upon a complaint made against Conrad Scherer by his wife, the relator herein, for abandonment.

The justice refused to admit certain testimony offered on behalf of this relator, and dismissed the complaint. The charge was made under section 899 of Code of Criminal Procedure (part 1), and the first question to be disposed of is whether the action of the magistrate can be reviewed by *certiorari*.

By section 515 of Code of Criminal Procedure, writs of *certiorari* in *criminal actions* as they have heretofore existed are abolished, and a review had by an appeal, but this section refers only to criminal actions as defined in that Code. The proceeding before the magistrate was not strictly a criminal action, but was a *special proceeding* of a criminal nature under part 6 (page 186, chap. 442, Laws of 1881) of the Criminal Code. (Tit. 7.) No right of appeal seems to be provided for under this part of the Criminal Code except under title 5 (page 201, id.): "Of proceedings respecting bastards." And hence section 515, abolishing writs of *certiorari*, does not apply to part 6, but the law remains as it existed before the Criminal Code. Section 515 in plain terms refers only to a judgment or order in a *criminal action*, and not to a special proceeding of a criminal nature. This distinction is rendered more apparent by referring to title XI, part 6 of the Criminal Code, sections 950, 951 and 952. It is clear therefore that no right of appeal was given by the Code to either party in this proceeding. It cannot be claimed that an appeal was authorized by section 749 which provides for appeals from judgments rendered by a Court of Special Sessions.

It is true the defendant entitled the proceedings as in Special Sessions, but that did not affect the rights of the parties.

The proceedings were not in a Court of Special Sessions, but were before the defendant as police justice. There is a marked dis-

tinction between Courts of Special Sessions and courts held by police justices under special provisions of law, both in the Constitution and the Code of Criminal Procedure. (*Peo.* v. *Trumble*, 1 Crim. Rep., 443.) It was also held in *People* v. *Burleigh* (same vol., 522, 528) that where authority is conferred upon a particular officer or magistrate giving to him special jurisdiction in a criminal matter, with special directions as to the mode of procedure, he must be deemed to act as an officer and not as a Court of Special Sessions. This principle is decisive of this case.

Section 899 gave special jurisdiction to a police justice with special directions as to the mode of procedure, and the justice must be deemed to have acted as an officer and not as a Court of Special Sessions. The writ of *certiorari* is therefore a proper remedy under which to review the proceedings.

We also think the defendant erred in excluding testimony showing it was unsafe for the wife to remain in the house with the accused. There is no rule of law requiring a wife to remain under the roof of a brute in constant danger of life and limb under pain of starvation. It was therefore competent for the relator to show that she had reasonable cause to leave the house where she was in imminent danger of suffering personal violence at the hands of her husband. If this testimony had been received the offense of which the accused was charged would have been clearly made out under the statute. This statute has been under the consideration of this court since its amendment, and its provisions fully discussed. (*People ex rel. Douglass* v. *Naeher*, 1 Crim. Rep., 513.)

The decision of the police justice must be vacated and set aside, without costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order reversed, without costs.